IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
UNITED STATES OF AMERICA,       )
                                )   2:09-cr-00179-GEB
            Plaintiff,          )
                                )
       v.                       )   ORDER DENYING MOTION TO
                                )   WITHDRAW PLEA
ANTHONY VASSALLO,               )
                                )
            Defendant.          )
_____)
```

        Defendant Anthony Vassallo moves under Federal Rule of Criminal Procedure ("Rule") 11(d)(2)(B) to withdraw the guilty plea he entered on February 1, 2013. (Def.'s Mot. to Withdraw Guilty Plea ("Def.'s Mot."), ECF No. 124.) Vassallo argues since his guilty plea is pursuant to a conditional plea agreement entered under Rule 11(c)(1)(C), he need not satisfy any standard to justify withdrawing his guilty plea because until the court accepts the parties' plea agreement, he can withdraw his guilty plea at any time. (Id. 1:21-2:2.) Alternatively, Vassallo argues he was forced to enter the plea because he had no other alternative since his incarceration prevented him from preparing for trial. (Id. 3:7-25.)

        The government opposes the first portion of the motion, characterizing Vassallo's argument that he needs no reason to justify withdrawing his conditional guilty plea as a "startling claim" that misstates what the Supreme Court held in United States v. Hyde, 520 U.S. 670 (1997). (Opp'n to Def.'s Mot. ("Opp'n") 4:16-18 (citing Def.'s Mot.

at 2 (citing Hyde, 520 U.S. 670)), ECF No. 127.) Hyde is the case on which Vassallo relies as support for his argument. The government is correct. This portion of Vassallo's argument is utterly without merit. The Supreme Court's following holding in Hyde is clearly the opposite of what Vassallo argues:

> Rule 32(e) of the Federal Rules of Criminal Procedure states that a district court may allow a defendant to withdraw his guilty plea before he is sentenced "if the defendant shows any fair and just reason." After the defendant in this case pleaded guilty, pursuant to a plea agreement, the District Court accepted his plea but deferred decision on whether to accept the plea agreement. The defendant then sought to withdraw his plea. **We hold that in such circumstances a defendant may not withdraw his plea unless he shows a "fair and just reason" under Rule 32(e)**. . . .
> To understand why we hold that Rule 32(e) governs here, we must go back to Rule 11, the principal provision in the Federal Rules of Criminal Procedure dealing with the subject of guilty pleas and plea agreements. The Court of Appeals equated acceptance of the guilty plea with acceptance of the plea agreement, and deferral of the plea agreement with deferral of the guilty plea. Nothing in the text of Rule 11 supports these conclusions. In fact, the text shows that the opposite is true: **Guilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time.**

Hyde, 520 U.S. at 671, 673-74 (emphases added).

The government also argues that Vassallo has not shown "a fair and just reason" justifying an order authorizing him to withdraw his guilty plea. (Opp'n 6:15-7:21.)

Rule 11(d)(2)(B) prescribes: "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if: . . . the defendant can show a fair and just reason for requesting the withdrawal."

"A defendant does not always have the right to withdraw a plea because the decision to allow withdrawal of a plea is solely within the

2

discretion of the district court." United States v. Nostratis, 321 F.3d 1206, 1208 (9th Cir. 2003) (citing United States v. Ruiz, 257 F.3d 1030, 1033 (9th Cir. 2001)). "The defendant has the burden to show a fair and just reason for withdrawal of a plea." Id. (citing United States v. Myers, 993 F.2d 713, 714 (9th Cir. 1993)).

"'Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, *or any other reason for withdrawing the plea that did not exist when the defendant entered his plea*.'" United States v. Davis, 428 F.3d 802, 805 (9th Cir. 2005) (quoting United States v. Ortega-Ascanio, 376 F.3d 879, 883 (9th Cir. 2004)).

Here, Vassallo argues he should be permitted to withdraw his guilty plea because "he was forced to enter the plea because he had no other alternative" since his incarceration prevented him from preparing for trial. (Def.'s Mot. 3:8–9.)

These conclusory arguments and allegations concern an unsupported stated reason that "'*exist[ed] when [Vassallo] entered his plea*.'" Davis, 428 F.3d at 805 (quoting Ortega-Ascanio, 376 F.3d at 883). Further, these conclusory allegations are belied by the plea colloquy record. Vassallo made no mention of being pressured to plead guilty during the plea hearing, and instead testified under oath that he was "entering th[e] plea of guilty voluntarily because it was what [he] want[ed] to do." (Change of Plea Tr. 7:5-7, ECF No. 118.) "Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." United States v. Ross, 511 F.3d 1233, 1236 (9th Cir. 2008) (citing United States v. Kaczynski, 239 F.3d 1108, 1115 (9th Cir. 2001)); see also United States v. Castello, 724 F.2d 813, 815 (9th Cir. 1984)

(stating the district "court was entitled to credit [the defendant]'s testimony at the Rule 11 hearing over h[is] subsequent affidavit" (citing Cortez v. United States, 337 F.2d 699, 702 (9th Cir. 1964); United States v. Moore, 599 F.2d 310, 314 (9th Cir. 1979))).

Moreover, the undersigned judge conducted Vassallo's change of plea hearing, and during that hearing, "'[Vassallo] satisfied the [undersigned judge] that he was competent and capable, was knowingly and intelligently waiving his rights, and was satisfied with his attorney's services.'" United States v. Andolini, 705 F.3d 335, 339 (8th Cir. 2013) (quoting United States v. Green, 521 F.3d 929, 932 (8th Cir. 2008)). Vassallo's "'self-serving, post-plea claims that he [involuntarily] ple[d] guilty fly directly in the face of his own plea hearing testimony.'" Id. (quoting Green, 521 F.3d at 932).

For the stated reasons, Vassallo has not presented a fair and just reason to withdraw his guilty plea, and his motion is DENIED.

Dated: June 12, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4