IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
UNITED STATES OF AMERICA,    )
                             )    2:09-cr-00179-GEB
          Plaintiff,         )
                             )
     v.                      )    ORDER
                             )
ANTHONY VASSALLO,            )
                             )
          Defendant.         )
_____)
```

Defendant previously moved, through counsel, to withdraw his guilty plea entered on February 1, 2013. (See ECF No. 124.) That motion was denied in an order filed June 12, 2013. (ECF No. 129.)

On June 14, 2013, Defendant filed, *in propria persona*, a declaration in support of his motion for withdrawal of guilty plea, in which he "claims ineffective assistance of counsel as a[n additional] 'fair and just reason' for the withdrawal of [his] plea." (Decl. of Anthony Vassallo in Supp. of Def.'s Mot. for Withdrawal of Plea ("Vassallo Decl.") ¶ 1, ECF No. 132.)

Defendant also moves, through counsel, to fire his attorney Mark Reichel, "and to forego sentencing on the currently scheduled date of June 21, 2013." (Def.'s Req. to Not Be Sentenced & Req. to Fire Current Counsel ("Def.'s Req."), ECF No. 134.)

Defendant's referenced filings are addressed in turn below.

A.  **Defendant's *In Pro Per* Filing in Support of Motion to Withdraw Plea**

Defendant's declaration claiming ineffective assistance of counsel is tantamount to a request to engage in hybrid representation.

"A criminal defendant does not have an absolute right to both self-representation and the assistance of counsel." United States v. Halbert, 640 F.2d 1000, 1009 (9th Cir. 1981). "'[A] district judge may allow hybrid representation, in which the accused assumes some of the lawyer's functions, but if the defendant assumes any of the core functions of the lawyer' the defendant must knowingly, intelligently, and voluntarily waive counsel." United States v. Brandon Che Lee, 465 F. App'x 627, 630 (9th Cir. 2012) (internal brackets omitted) (quoting United States v. Turnbull, 888 F.2d 636, 638 (9th Cir. 1989)). "Whether to allow hybrid representation . . . is within the sound discretion of the judge." United States v. Williams, 791 F.2d 1383, 1389 (9th Cir. 1986).

Decision on whether to permit Defendant to engage in hybrid representation is unnecessary since Defendant has not shown a "just and fair reason" to withdraw his plea even if the Court considers his *in pro per* declaration. In essence, Defendant declares that "Mr. Reichel was . . . unreachable and unreliable[,]" and that he was pressured into signing the plea agreement. (Vassallo Decl. ¶¶ 2-11.) The majority of Defendant's averments concern his and his family members' failed attempts to communicate with Mr. Reichel. (Id.) Defendant also declares that during a meeting between himself, Mr. Reichel, and "AUSA's Hobler and Bickley[,]"

> [a] plea agreement was placed before [him] and [he] was urged to sign it. [He] asked if [he] could read the plea agreement before [he] signed it. [He] was told [he] could[,] and the Government gave [him]

2

>approximately five minutes alone with Mr. Reichel. At this point[,] Mr. Reichel advised [Defendant] to sign the plea and that [they] could review the evidence later and withdraw the plea before sentencing.

(Id. at ¶¶ 6-7.) Defendant avers: "[he] was blindsided and fraught with the prospect of life in prison and so [he] signed it." (Id. at ¶ 7.) Defendant further declares: "[he] felt sick to his stomach pleading guilty to these charges [he] knew [he] was innocent of and [he] shared his desire with his family to withdraw this plea agreement that very day." (Id. at ¶ 9.)

The government responded to Defendant's declaration, countering that "even if [the Defendant's Declaration] is considered, [it] is inadequate to effect a plea withdrawal." (Gov't Resp. to Def.'s Aff. Regarding Assistance of Counsel ("Gov't Resp.") 4:4-5, ECF No. 133.) The government argues, *inter alia*: "[Defendant] has not alleged a single fact nor put into evidence a single document showing a reason to withdraw his plea that did not exist or was unknown to him at the time he entered his plea." (Id. at 5:14-16.) The government further argues that Defendant's claim of ineffective assistance of counsel "contradicts [his] sworn statements during his plea colloquy." (Id. at 7:14-18.)

Federal Rule of Criminal Procedure ("Rule") 11(d)(2)(B) provides: "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if: . . . the defendant can show a fair and just reason for requesting the withdrawal."

"A defendant does not always have the right to withdraw a plea because the decision to allow withdrawal of a plea is solely within the discretion of the district court." United States v. Nostratis, 321 F.3d

1206, 1208 (9th Cir. 2003). "The defendant has the burden to show a fair and just reason for withdrawal of a plea." Id.

"'Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, *or any other reason for withdrawing the plea that did not exist when the defendant entered his [or her] plea*.'" United States v. Davis, 428 F.3d 802, 805 (9th Cir. 2005) (quoting United States v. Ortega-Ascanio, 376 F.3d 879, 883 (9th Cir. 2004)). The Ninth Circuit "has never held that [Rule (d)(2)(B)] also embraces circumstances known to a defendant at the time of the guilty plea." United States v. Mayweather, 634 F.3d 498, 506 (9th Cir. 2010).

"When the basis for withdrawal is erroneous or inadequate legal advice, the defendant's burden is . . . to show that proper advice 'could have at least plausibly motivated a reasonable person in [the defendant's] position not to have pled guilty *had he known about the [grounds for withdrawal] prior to pleading*." Id. at 504-05 (9th Cir. 2010) (emphasis added) (quoting United States v. Garcia, 401 F.3d 1008, 1011-12 (9th Cir. 2005)).

Defendant's averments do not meet the "fair and just reason" standard since the alleged facts supporting his ineffective assistance of counsel claim existed at the time he entered his plea. See Mayweather, 634 F.3d at 505-06 (denying motion to withdraw plea based, in part, on defense counsel's alleged failure to pursue a suppression motion when "defendant was aware of the prospect of making a suppression motion" when he entered his guilty plea).

Further, Defendant's ineffective assistance of counsel claim is belied by the plea colloquy record. Defendant testified under oath at the change of plea hearing in relevant part as follows:

4

1
2
3
      THE COURT:  Have you received a copy of the indictment pending against you, that is the written charges made against you by the United States, and have you fully discussed those charges and the case in general with Mr. Reichel, your attorney?

4
      THE DEFENDANT: I have.

5
6
      THE COURT:  Are you fully satisfied with the counsel, representation and advice given to you in this case by Mr. Reichel as your attorney?

7
      THE DEFENDANT: Yes.

8
9
      THE COURT:  Is it your understanding that Mr. Reichel had discussions with the prosecutor in this case concerning your change of plea?

10
      THE DEFENDANT: Yes.

11
12
      THE COURT:  Is your willingness to plead guilty because of those discussions?

13
      THE DEFENDANT: Can you repeat that.

14
15
16
      THE COURT:  I asked you, is it your understanding that Mr. Reichel had discussions with the prosecutor in this case concerning your change of plea. And then I asked you, is your willingness to plead guilty a result of the discussions you understand Mr. Reichel had with the prosecutor.

17
      THE DEFENDANT: Yes.

18
19
      THE COURT:  Are you entering this plea of guilty voluntarily because it is what you want to do?

20
      THE DEFENDANT: Yes.

21
      . . . .

22
23
      THE COURT:  Has anyone attempted in any way to force or threaten you to plead guilty in this case?

24
      THE DEFENDANT: No.

25 (Change of Plea Tr. 6:7-7:7, 9:25-10:2; ECF No. 118.) "Statements made
26 by a defendant during a guilty plea hearing carry a strong presumption
27 of veracity in subsequent proceedings attacking the plea." United States
28 v. Ross, 511 F.3d 1233, 1236 (9th Cir. 2008); see also United States v.

5

Castello, 724 F.2d 813, 815 (9th Cir. 1984) (stating the district "court was entitled to credit [the defendant]'s testimony at the Rule 11 hearing over h[is] subsequent affidavit").

Moreover, the undersigned judge conducted Defendant's change of plea hearing, and during that hearing, "'[Defendant's answers, appearance, and demeanor] satisfied the [undersigned judge] that he was competent and capable, was knowingly and intelligently waiving his rights, and was satisfied with his attorney's services.'" United States v. Andolini, 705 F.3d 335, 339 (8th Cir. 2013) (quoting United States v. Green, 521 F.3d 929, 932 (8th Cir. 2008)). Defendant's "'self-serving, post-plea claims that he [involuntarily] ple[d] guilty fly directly in the face of his own plea hearing testimony.'" Id. (quoting Green, 521 F.3d at 932); see also United States v. Sanchez, 472 F. App'x 575, 576 (9th Cir. 2012) ("A court does not abuse its discretion when it credits a defendant's testimony at the plea colloquy over the defendant's later assertions of innocence in a motion to withdraw that plea.")

For the stated reasons, Defendant is not permitted to withdraw his guilty plea. Further, an evidentiary hearing is unnecessary because Defendant's allegations are disbelieved since they are clearly belied by the statements he gave under oath during the hearing at which he pled guilty. Andolini, 705 F.3d at 338 (8th Cir. 2013) (stating "[a]n evidentiary hearing is not required where allegations are inherently unreliable"); see also United States v. Erlenborn, 483 F.2d 165, 167-68 (9th Cir. 1973) (stating "[i]t was not error for the district court to deny [the defendant's] motion for an [evidentiary] hearing" on a motion to withdraw a guilty plea based in part on a claim of attorney coercion, "when [the] defendant expressly represent[ed] in open court [during the plea colloquy] that his plea [was] voluntary").

### B. Defendant's Request to Fire Counsel

Defendant requests, through counsel, "to not be sentenced on June 21, 2013[,] and to release and discharge his current counsel." (Def.'s Req. 1:17-20.) In support of Defendant's request, Defendant's counsel states: "On June 17, 2013, [D]efendant in a meeting at the Butte County Jail advised defense counsel to please file a written motion with the court requesting to discharge current counsel and to forego sentencing on the currently scheduled date of June 21, 2013." (Id. at 1:21-25.)

"A defendant who can hire his own attorney has a . . . [Sixth Amendment] right . . . to be represented by the attorney of his choice." United States v. Rivera-Corona, 618 F. 3d 976, 979 (9th Cir. 2010); accord United States v. Gonzalez-Lopez, 548 U.S. 140, 144 (2006). However, the right to retained counsel of choice "isn't an absolute right; it may be abridged to serve some compelling purpose." United States v. Lillie, 989 F.2d 1054, 1056 (9th Cir. 1993), overruled on other grounds by United States v. Garrett, 179 F.3d 1143 (9th Cir. 1999). "Such a compelling purpose may be found when granting the motion would lead to delay in the proceedings and the Government's interest in the prompt and efficient administration of justice outweighs the defendant's need for new counsel to adequately defend himself." United States v. D'Amore, 56 F.3d 1202, 1204 (9th Cir. 1995), overruled on other grounds by Garrett, 179 F.3d 1143 (9th Cir. 1999).

"[T]he Supreme Court has 'recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness . . . and against the demands of its calendar.'" Rivera-Corona, 618 F. 3d at 979 (quoting Gonzalez-Lopez, 548 U.S. at 152); see also Morris v. Slappy, 461 U.S. 1, 11-12 (1983) ("[B]road discretion

must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." (quoting Ungar v. Sarafite, 376 U.S. 575, 589 (1964))). If a defendant's exercise of his right to counsel of choice "necessarily leads to a continuance . . . the court may . . . have discretion to deny the request: A defendant's right to retained counsel of his choice doesn't include the right to unduly delay the proceedings." Lillie, 989 F.2d at 1056; see also United States v. Walters, 309 F.3d 589, 592 (9th Cir. 2002) ("'A criminal defendant's exercise of this right cannot unduly hinder the fair, efficient and orderly administration of justice.'" (quoting United States v. Panzardi Alvarez, 816 F.2d 813, 816 (1st Cir. 1987))). The Sixth Amendment right to choice of counsel "'does not give an accused the power to manipulate his choice of counsel to delay the orderly progress of his case.'" United States v. Griffin, 476 F. App'x 592, 597 (6th Cir. 2011) (quoting United States v. Robinson, 20 F.3d 270, 275 (7th Cir. 1994)).

This action has been pending since March 18, 2009. (See Compl., ECF No. 1.) Defendant was indicted on April 15, 2009, (see ECF No. 19), and Defendant has been represented by three different attorneys during the course of the litigation. Defendant originally retained Clyde Blackmon, then Bruce Locke was appointed as defense counsel on August 20, 2010. (See ECF Nos. 4, 59.) Defendant's current counsel, Mark Reichel, substituted in as retained counsel on June 12, 2012. (ECF No. 99.)

Defendant entered his guilty plea pursuant to a conditional plea agreement on February 1, 2013, when represented by Mr. Reichel. (ECF No. 113.) Sentencing was originally scheduled to occur on May 3,

2013. (Change of Plea Tr. 23:3-8.) Sentencing was continued until May 24, 2013, pursuant to the parties' agreement "to obtain information in order to complete the presentence report." (ECF No. 121.) Defendant then moved to withdraw his plea on May 16, 2013. (ECF No. 124.) Accordingly, the parties sought to continue sentencing again, "to resolve the motion to withdraw the plea before sentencing." (ECF No. 126, 1:20-23.) In support of the stipulated request to continue sentencing, the government states, in part:

> [T]here are a number of victims who have stated their intention of addressing the Court at [Defendant's] sentencing. It would be unfair to leave the sentencing on for May 24, 2013, without certainty as to whether the sentencing will proceed as scheduled. These victims have been more than inconvenienced by [Defendant] in the past; they should not be subjected to appearing for a sentencing that may well not happen depending on the outcome of the defense motion.

(ECF No. 125, 1:24-28.) Accordingly, sentencing was continued to commence on June 21, 2013. (ECF No. 126.) Granting Defendant's current request "to not be sentenced on June 21, 2013[,] and to release and discharge his current counsel" would continue sentencing a third time to an uncertain future date. Defendant does not indicate in his request when he wishes to be sentenced, and he does not state whether he has communicated with substitute counsel. Given the length of time this action has been pending, and the fact that multiple victims are anticipated to appear for sentencing on June 21, any further delay in Defendant's sentencing would "unduly hinder the fair, efficient and orderly administration of justice." United States v. Walters, 309 F.3d at 592.

Further, the record evinces that Defendant's request is improperly made "to delay the orderly progress of his case." Robinson,

20 F.3d at 275. Mr. Reichel has represented Defendant for a little over a year, and Defendant did not voice any objection to his representation until June 14, 2013, when he filed his declaration. (ECF No. 132.) As discussed *supra*, Defendant's criticism of Mr. Reichel contained in his declaration is belied by the plea colloquy record. Additionally, Defendant's delay in seeking to discharge Mr. Reichel until mere days before sentencing is unexplained. See United States v. Reyes-Bosque, 596 F.3d 1017, 1034-35 (9th Cir. 2010) (stating the defendant's two-month delay in seeking new counsel for sentencing "support[ed] the district court's denial of his motion"). "The district court [i]s not required to grant a continuance to allow [Defendant] to explore other representation when there [has been over] four months between the plea and the sentencing hearing and [Defendant] ha[s] not explored it in that time." United States v. Moinuddin, 498 F. App'x 584, 586 (7th Cir. 2012).[1]

Moreover, neither the Defendant nor the record show a need for new counsel under the circumstances of this case. Defendant's motion to withdraw his guilty plea has been denied; all that remains to be decided in this case is whether the Court will accept the parties' specific sentence agreement contained in their conditional plea agreement entered under Rule 11(c)(1)(C). (Plea Agreement 1:25-2:1, 7:1-7.) Therefore, if

---

[1] Defendant's request to fire Mr. Reichel is ambiguous concerning whether he seeks to proceed with new retained counsel, an appointed attorney, or *in propria persona*. Nevertheless, Defendant has not shown "any good faith reason" for the request, and it is evident that it is made solely to delay the Court's decision on whether to accept the conditional plea agreement. United States v. Kaczynski, 239 F.3d 1108, 1116 (9th Cir. 2001). Therefore, to the extent Defendant wishes to proceed *in propria persona* in connection with the scheduled sentencing hearing, that request is denied. See id. (affirming district court's denial of Faretta request, stating "[h]aving found that the request for self-representation was for tactical reasons and not for any good faith reason other than delay, the court properly denied [the defendant's] Faretta request").

10

the undersigned judge accepts the plea agreement, Defendant's sentence is predetermined. (Id. at 7:1-7.) If the undersigned judge rejects the plea agreement, Defendant will be provided the opportunity to withdraw his plea. Fed. R. Crim. P. 11(c)(5)(B), (d)(2)(A).

For the stated reasons, Defendant's requests to continue the pending sentencing and to discharge his current counsel are DENIED. Sentencing remains scheduled to commence at 9:00 a.m. on June 21, 2013.

Dated:   June 20, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge