UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY VASSALLO III,<br><br>Defendant. | No. 2:09-cr-00179-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Anthony Vassallo III's ("Defendant") Motion for Compassionate Release. (ECF No. 160.) The Government filed an opposition. (ECF No. 166.) Defendant filed a reply. (ECF No. 168.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On February 1, 2013, Defendant pleaded guilty to wire fraud in violation of 18 U.S.C. § 1343. Defendant's guidelines range was 235–240 months. On June 21, 2013, Defendant was sentenced to a 192-month term of imprisonment to be followed by a 36-month term of supervised release. Defendant is currently serving his sentence at Safford FCI in Arizona. He has served approximately 97 months of his 192-month sentence of imprisonment, and his projected release date is April 2026.

On June 4, 2020, Defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant requests the Court reduce his term of imprisonment to time served or allow him to serve the remainder of his sentence on home confinement due to the COVID-19 pandemic. Defendant is 40 years old and claims he is particularly vulnerable to COVID-19 because he suffers from chronic asthma and a compromised immune system. In opposition, the Government argues the Court should deny Defendant's motion because Defendant failed to exhaust administrative remedies and failed to demonstrate extraordinary and compelling reasons to warrant his release.

### II. ANALYSIS

#### A. Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has not met the threshold exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). Defendant argues instead that this Court should excuse the exhaustion requirement.

It is unclear whether the Court has the authority to excuse the exhaustion requirement. While some courts have excused the requirement in the face of the unprecedented COVID-19 pandemic, other courts have not. For example, district courts are divided in the Southern District of New York, an epicenter of the COVID-19 pandemic. Some courts in that district have excused the exhaustion requirement (1) where exhaustion would be futile, (2) where the administrative process would be incapable of granting adequate relief, or (3) where pursuing agency review would subject petitioners to undue prejudice. *See, e.g.*, *United States v. Perez*, No. 17 CR. 513-3 (AT), 2020 WL 1546422, at *2 (S.D.N.Y. Apr. 1, 2020) (citations and quotation marks omitted). Other courts in the same district have declined to excuse the mandatory exhaustion requirement in the absence of clear Congressional approval to do so. *United States v. Gross*, No. 15-CR-769 (AJN), 2020 WL 1862251, at *1 (S.D.N.Y. Apr. 14, 2020) ("The Supreme Court has explained that courts should not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.") (citation and internal quotation marks omitted). In declining to excuse the exhaustion requirement, the *Gross* court acknowledged the "growing split" and stated that "the patchwork approaches of courts . . . underscore a great need for clarity — and a more comprehensive solution — from Congress." *Id.* at *2.

This Court need not and does not decide the issue because Defendant fails to persuade the Court that the particular circumstances of his case warrant such a waiver. The Court has read and considered the decisions Defendant cites and finds them to be factually distinct from the instant case. *See Perez*, 2020 WL 1546422, at *2 (excusing exhaustion requirement where defendant had "undisputed fragile health" and only three weeks left on his sentence); *United States v. Zukerman*, No. 16 CR. 194 (AT), 2020 WL 1659880, at *4 (S.D.N.Y. Apr. 3, 2020) (excusing exhaustion requirement where defendant was 75 years old and provided medical records proving he suffered from diabetes, hypertension, and obesity); *United States v. Colvin*, No. 19 Cr. 179, 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) (excusing exhaustion requirement because defendant only had 11 days left on her sentence and provided medical records that she suffered from Type II Diabetes and high blood pressure).

///

3

In most of the foregoing cases, courts excused the exhaustion requirement because the defendants were over 65 years old and/or had severe, well-documented medical problems that undisputedly put them in a high-risk group for COVID-19.  Many of the defendants also had minimal time left on their sentences, often less than the 30-day waiting period dictated by 18 U.S.C. § 3582(c)(1)(A).  Several of the defendants had in fact taken the first step of filing a request with the BOP.  None of those facts exist in the instant case.  Defendant is only 40 years old.  Further, although Defendant claims to suffer from chronic asthma and a compromised immune system, Defendant has not provided sufficient evidence regarding the extent or severity of those medical conditions.  Lastly, Defendant has served only 97 months of his 192-month sentence of imprisonment, and his projected release date is not until April 2026.

Based on the present record, the Court cannot conclude that exhaustion would be futile, relief would be inadequate, or Defendant would be unduly prejudiced by the delay.  Therefore, the Court declines to excuse the exhaustion requirement in the narrow circumstances of this case, and Defendant's failure to satisfy the exhaustion requirement provides grounds to deny his motion without reaching the merits.  *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Eberhart*, No. 13-CR-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (declining to excuse Defendant's failure to exhaust administrative remedies in denying a COVID-19 compassionate release motion).

B.     Extraordinary and Compelling Reasons

Even if the Court reaches the merits, Defendant is not entitled to relief for many of the same reasons the Court declined to excuse the exhaustion requirement.  Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  Defendant has not met his burden.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A).  More specifically, the "extraordinary and compelling"

requirement is met where a defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

The Court is mindful that people with certain medical conditions, including asthma, can be more vulnerable to COVID-19. However, Defendant fails to persuade the Court that his medical conditions qualify as an "extraordinary and compelling" reasons for release within the context of 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. As mentioned, Defendant fails to provide sufficient evidence regarding the extent or severity of his medical conditions. Absent any evidence to the contrary, the Court concludes Defendant is neither terminally ill nor subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility. *Id.* Put simply, it is unclear whether Defendant's medical conditions are serious enough to make him vulnerable to COVID-19 to the point where he is unable to minimize his health risks through self-care. To the contrary, Defendant indicates he was recently prescribed a new albuterol inhaler, presumably to manage his asthma. Moreover, at age 40, Defendant does not satisfy the statute's age-related conditions and is not in the high-risk age category for COVID-19. *Id.* It also bears mentioning that as of the date of this Order, there have been no reported cases of COVID-19 at Safford FCI.

As a whole, Defendant's arguments about COVID-19 are too general and wide-ranging. *See, e.g.*, *Eberhart*, 2020 WL 1450745, *2 ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement."). Defendant fails to establish his eligibility for compassionate release and does not offer any other statutory grounds for his release.

In sum, the Court declines to grant Defendant's request for compassionate release because Defendant failed to exhaust administrative remedies and did not meet his burden to show there are extraordinary and compelling reasons for his release. Therefore, the Court need not address

the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring a consideration of the § 3553(a) factors before granting compassionate release). However, the Court does note Defendant's 192-month sentence is already well below the low-end of the applicable guidelines range of 235–240 months. Defendant seeks to reduce his sentence to time served despite having served only approximately 97 months of his sentence. In other words, Defendant is seeking a reduction from a well-supported, below-guideline, 192-month sentence to a considerably lower 97-month sentence. Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction.

### III.  CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 160.)

IT IS SO ORDERED.

DATED: June 18, 2020

Troy L. Nunley
United States District Judge