UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ANTHONY VASSALLO III,<br>Defendant. | No. 2:09-cr-00179-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Anthony Vassallo III's ("Defendant") *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 175.) The Federal Defender's Office filed a notice informing the Court it would not assume representation of Defendant in this matter. (ECF No. 178.) The Government filed an opposition. (ECF No. 179.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motion.

///

///

///

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 1, 2013, Defendant pleaded guilty to wire fraud in violation of 18 U.S.C. § 1343. (ECF No. 115.) The applicable sentencing guidelines range was 235 to 240 months. (ECF No. 179 at 3.) The final presentence report found a total offense level of 38, which included a two-level upward adjustment under § 3B1.1(c) because Defendant was the "organizer" of the criminal activity. (*Id.*) Defendant had no criminal history, resulting in a criminal history category of I. (*Id.*) On June 21, 2013, Defendant was sentenced to a 192-month term of imprisonment followed by a 36-month term of supervised release. (ECF No. 139.)

On August 11, 2025, Defendant filed the instant motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines. (ECF No. 175.) On September 2, 2025, Defendant was released from federal custody. (ECF No. 179 at 1 (citing https://www.bop.gov/inmateloc/).)

## II. STANDARD OF LAW

18 U.S.C. § 3582(c)(2) ("§ 3582(c)(2)") provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in [§] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Court follows a two-step approach to determine whether a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 827 (2010). First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowers Defendant's guidelines range. *Id.* Second, the Court must consider any applicable factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)") and determine whether the reduction is warranted in whole or in part under the circumstances of the case. *Id.*

## III. ANALYSIS

Amendment 821 made two changes to how criminal history points and offense levels are calculated. U.S.S.G. § 1B1.10(d). First, in Part A, the Sentencing Commission amended the "status point" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e).

Under the amended provision, a person who otherwise presents 7 or more criminal history points now receives 1 status criminal history point, instead of 2, for an offense committed while under a criminal justice sentence, while a person who otherwise presents 6 or fewer criminal history points receives no status points. *Compare* U.S.S.G. § 4A1.1(d) (2021 and prior versions), with § 4A1.1(e) (Nov. 1, 2023). Second, in Part B Subpart 1, the Sentencing Commission added a "zero-point offender" provision in U.S.S.G. § 4C1.1(a), which provides a two-level reduction in offense level for certain offenders who meet ten enumerated criteria. As relevant here, U.S.S.G. § 4C1.1(a)(10) requires that the defendant did not receive an adjustment under § 3B1.1 for an aggravating role in the criminal offense.

Defendant argues he received no criminal history points, and his offense did not involve any disqualifying factors under U.S.S.G. § 4C1.1(a). (ECF No. 175 at 1.) As such, Defendant contends Amendment 821 reduces his offense level to 34, yielding a reduced imprisonment range of 151 to 188 months. (*Id*. at 2.) Defendant requests the Court reduce his sentence to the low-end of his amended guideline range — 155 months or time served, whichever is greater. (*Id.*) Defendant does not address whether the § 3553(a) factors support a sentence reduction.

In opposition, the Government argues that to the extent Defendant's release from custody does not render the instant motion moot, the Court should deny the motion because Defendant is ineligible for a retroactive reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821. (ECF No. 179 at 1–2.) The Government argues Defendant is not a zero-point offender because he received a two-level upward adjustment under § 3B1.1(c) for his role as the "organizer" of criminal activity. (*Id*. at 3.) Therefore, Defendant does not satisfy the requisite criteria set forth in § 4C1.1(a). (*Id*.) The Government also argues Defendant is ineligible for a reduction under § 4A1.1(e) because he did not receive any criminal history status points. (*Id* at 4.) Finally, the Government argues the Court should deny Defendant's motion based on the totality of the relevant § 3553(a) factors. (*Id*.) The Government references two victim statements that were submitted to the Court in response to Defendant's motion for retroactive sentence reduction. (*Id*.)

At the outset, the Court recognizes Defendant was released from federal custody on September 2, 2025. (*Id.* at 2 (citing https://www.bop.gov/inmateloc/).) However, as the

Government points out, the Ninth Circuit has established that a motion to reduce sentence is not moot where a defendant is released from prison while the motion is still pending but is serving a term of supervised release that may be reduced. (*Id.* at 2 (citing *United States v. D.M.*, 869 F.3d 1133, 1137–38 (9th Cir. 2017).)

Regardless, the Court agrees with the Government that Defendant is not eligible for a retroactive sentence reduction pursuant to Amendment 821 and 18 U.S.C. § 3582(c)(2) because he does not satisfy criteria set forth in §§ 4A1.1(e) or 4C1.1(a). Defendant received no criminal history points, therefore he has no status points that could be reduced pursuant to § 4A1.1(e). Defendant received a two-level upward adjustment under § 3B1.1 for his aggravating role in the offense, therefore he fails the criteria set forth in § 4C1.1(a). Accordingly, Defendant is ineligible for the sentence reduction he seeks, and the Court need not consider the § 3553(a) factors.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Reduce Sentence. (ECF No. 175.) Defendant's Motion to Proceed *In Forma Pauperis* is DENIED as moot. (ECF No. 176.)

IT IS SO ORDERED.

Date: July 14, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE